NADAL, PLAINTIFF AND APPELLEE, v. MIRANDA, DEFENDANT AND
APPELLANT.

## APPEAL from the District Court of Mayagüez in an Action for Damages.

### No. 1884.—Decided April 25, 1919.

DAMAGES—FILIATION—EVIDENCE.—When in. an action for damages the plaintiff
alleges the legitimate filiation of a certain child and at the trial she testifies
that the said child was her son, without objection by the defendant, the
filiation so testified to must be the same as that alleged in the complaint, if
the evidence is to agree with the allegation.

ID.—ID.—CIVIL REGISTRY.—When the declaration presented for the registration
of the birth of a child in the civil registry is not dated and states that the
child was born on a certain date ''of the year last past,'' the presumption
is that that year is the one immediately preceding that of the date of the
registration.

APPEAL—EXCEPTIONS—OBJECTIONS RAISED ON APPEAL.—In passing upon excep-
tions to the admission of the evidence the Supreme Court will consider only
such. objections as were made in the lower court and will not consider those
raised for the first time on appeal.

ID.—CONTRADICTORY EVIDENCE.—When the evidence is contradictory the Supreme
Court will not disturb the weighing of the evidence by the trial judge, unless
it should appear that he acted with passion, prejudice or partiality, or
committed manifest error.

DAMAGES—LIABILITY—MINORS.—According to section 1804 of the Civil Code, a
father is liable for the damages caused by the minor children under his
custody, unless he shows affirmatively that he exercised all the diligence of a
good father to prevent the damage. The liability of the mother exists
only upon the death or incapacity of the father, therefore she cannot be
held liable jointly with him, especially where she is not a party defendant.

The facts are stated in the opinion.

*Mr. Angel A. Vázquez* for the appellant.

*Messrs. Horton & Janer* for the appellee.

MR. CHIEF JUSTICE HERNÁNDEZ delivered the opinion of
the court.

In this case Eduvigis Nadal, widow of Bayron, brought
an action for damages against Juan Miranda, alleging that
Rafael Miranda Carbó, a minor son of the defendant, caused
the death of her son, Rafael Bayron Nadal, by wilfully and
negligently shooting him with a shotgun in the ward of Sá-
balos of the municipal district of Mayagüez.

In answering the complaint, besides setting up a general

denial of the essential facts therein alleged, the defendant pleaded as new matter of defense that his son, Rafael Miranda Carbó, owned independently of his parents a grocery store which he managed himself, and that on October 6, 1914, having been invited by Rafael Bayron to go out to hunt birds, he carried a loaded shotgun which Rafael Bayron took in his hands and unmaliciously pointed at a girl, whereupon young Miranda tried to take the gun away from Bayron and in the struggle the gun unexpectedly went off and killed Bayron.

After trial the court made the following findings:

"I. That Manuel Rafael Bayron y Nadal died on October 6, 1914, in the ward of Sábalos of the municipality of Mayagüez, as the result of a wound in the right eye inflicted by Rafael Miranda Carbó with a shotgun, Miranda having acted with negligence and temerity.

"II. That plaintiff Eduvigis Nadal was the lawful mother of Manuel Rafael Bayron Nadal and Rafael Miranda Carbó was a minor living with and under the *patria potestas* of his father, Juan Miranda, on October 6, 1914.

"III. That by reason of the death of her son thé plaintiff has suffered material damages that may be estimated in the sum of $700."

On these findings and applying section 1804 of the Civil Code, the court entered judgment on April 22, 1918, that the plaintiff obtain and recover from defendant Juan Miranda and his wife, Lina Carbó, the sum of $700, together with the expenses, costs, disbursements and attorney fees.

From that judgment counsel for the defendant took an appeal to this court, assigning three errors which we shall consider in the same order.

FIRST.

The court erred in finding that the plaintiff was the lawful mother of the deceased Manuel Rafael Bayron.

That Rafael Bayron was the legitimate son of his mother, Eduvigis Nadal, is sufficiently proved in the record, for Edu-

vigis Nadal alleged in her sworn complaint that she was the widow of Mateo Bayron and that during her wedlock with Bayron she had a child named Rafael Bayron Nadal, and at the trial she testified that Rafael Bayron Nadal was her son, which tended to prove the legitimate filiation alleged in the complaint, and this testimony not being objected to by counsel for the defendant, the plaintiff was not required to introduce other evidence; nor was she cross-examined in order to contradict the legitimate filiation. The filiation testified to by the plaintiff had to be the same legitimate filiation alleged in the complaint if the evidence were to agree with the allegation.

### SECOND.

The court erred in finding that Rafael Miranda was a minor on October 6, 1914.

The plaintiff alleged in her complaint that during the wedlock of the defendant with Paulina Carbó she bore him a legitimate child who was a minor and lived with his father on October 6, 1914, and in order to prove such minority she offered in evidence the baptismal certificate of Rafael Miranda, which reads as follows:

"In the city of Mayagüez, at 9:30 A. M. of January 9, 1895, before José A. Fernández, acting municipal judge, and Rafael Mangual y Delgado, clerk, appeared Luis Rodríguez * * * and presented a written declaration signed by Juan Antonio Rodríguez * * * for the registration of the birth of a child in the registry, and for that purpose testified as a witness to the birth.—That the child was born in the house of Juan Miranda on the 26th day of December last past at 5 P. M.—Legitimate child of Juan Miranda and Paulina Carbó * * * And will be named Rafael.—Marcos Quintero and Pedro Montoya, witnesses.—Being read, the seal of the court was affixed thereto, it was signed by the judge, the deponent and the witnesses, to which I certify: José A. Fernández.—Luis Rodríguez.—Marcos Quintero.—P. Montoya.—Rafael Mangual."

The defendant objected to the admission of that evidence "because it does not show the date of the birth of the de-

fendant, considering that the declaration of Luis Rodríguez before the Municipal Judge, while bearing a written declaration made by Juan Antonio Rodríguez, who is the one who really testifies to the birth of Rafael Miranda, has no legal effect for determining the age of Rafael Miranda or the date of his birth.''

The document was admitted in evidence and the defendant took exception.

As is seen, the defendant did not attack the authenticity of the document and only alleged its insufficiency to determine the date of the birth of Rafael Miranda and consequently his age.

From the wording of the document it does not appear in an express manner what was the date of the written declaration signed by Juan Antonio Rodríguez so as to show what was the *year last past* when Rafael Miranda had been born. But the year last past had to be the year 1894 immediately preceding the year 1895 wherein the registration was made, for it had to be made at least fifteen days after the birth of the child according to the regulations for the execution of the Civil Registry Law then in force, otherwise the order of a competent court was necessary to make the registration. In this case there was no court order for the registration of the birth of Rafael Miranda and therefore the presumption is that it was made within the time prescribed by the civil registry law and its regulations. Hence, the defendant's objection is groundless, for the birth registration of Rafael Miranda shows that he was born on December 26, 1894, proving thereby the essential allegation of the complaint that Rafael Miranda was a minor on October 6, 1914.

We have examined the exception to the evidence by considering the only reason on which it was based, without entering into other reasons such as the nullity of the registration, raised for the first time before this court, because, as we have said repeatedly, we will only consider exceptions to

the admission of evidence in the manner in which they were first presented and not otherwise, and the nullity now alleged was not invoked as a ground for the exception. *Surís* v. *Quiñones et al.,* 17 P. R. R. 614; *Rodríguez* v. *P. R. Ry. Light & Power Co.,* 19 P. R. R. 613; *Succession of del Rosario et al.* v. *Rosaly, ante,* p. 98.

### THIRD.

The court erred in sustaining the complaint because there was not sufficient evidence to support it.

The evidence examined at the trial by the plaintiff tends to show that Rafael Miranda, as the judge states in his finding, negligently and rashly shot Rafael Bayron with his shotgun, causing his death, and although the evidence of the defendant consists only in the testimony of Rafael Miranda and tends to prove the new matter of defense set up in the answer, the court adjusted the conflict in the evidence in favor of the plaintiff and we will not disturb that decision, for it does not appear that the court was influenced by passion, prejudice or partiality, or committed manifest error.

Rafael Miranda, a minor, caused the death of Rafael Bayron while negligently and rashly using a firearm, and his father, with whom he lived, is responsible for the damage, for he has not shown that he exercised all the diligence of of a good father to prevent the damage.

The above conclusion is supported by sections 1803 and 1804 of the Civil Code, the pertinent parts of which are as follows:

"Sec. 1803.—A person who by an act or omission causes damage to another when there is fault or negligence shall be obliged to repair the damage so done.

"Sec. 1804.—The obligation imposed by the preceding section is demandable, not only for personal acts and omissions, but also for those of the persons for whom they should be responsible.

"The father, and on his death or incapacity the mother, is liable for the damages caused by the minors who live with them. * * *

"The liability referred to in this section shall cease when the persons mentioned therein prove that they employed all the diligence of a good father of a family to avoid the damage."

The true reason for the father's liability in a case like the present consists in the failure to exercise sufficient care, vigilance and discipline in his paternal authority, and for that reason the code relieves him when he shows that he exercised all the diligence of a good father to prevent the damage. The burden is on the defendant to show this and he did not do so in this case.

The appellant has not called our attention to the fact that the judgment is not only against himself but also against his wife, Paulina Carbó. Section 1804 quoted expressly prescribes the liability of the mother on the death or incapacity of the father. Paulina Carbó was not a defendant. There being a fundamental error in giving judgment against her, it is our duty to correct that error *motu proprio*.

The judgment must be affirmed, but it is understood that it affects only defendant Juan Miranda.

*Modified and affirmed.*

Justices Wolf, del Toro, Aldrey and Hutchison concurred.